# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

# O R D E R

### LD-2021-0012, In the Matter of Robert M. Fojo, Esquire

On December 17, 2021, the Attorney Discipline Office (ADO) filed a petition for the immediate interim suspension of Attorney Robert M. Fojo from the practice of law in New Hampshire. The ADO has alleged, among other claims of professional misconduct, that:

(1) As to one personal-injury client, Attorney Fojo misappropriated approximately $14,666 in settlement funds, was "out of trust" with his IOLTA account in that amount, used the funds of other clients to make a payment of $12,000 to the client, and knowingly misrepresented to the client the status of the settlement payment from the insurance company;

(2) As to two clients whom he represented in a contract dispute with a former employer, Attorney Fojo was "out of trust" with his IOLTA account in the amount of $50,020 and used the funds of other clients to issue a check, and then a wire transfer, in the amount of $67,000;

(3) As to another personal-injury client, Attorney Fojo misappropriated approximately $33,350 and was "out of trust" with his IOLTA account in that amount;

(4) Attorney Fojo failed to comply with the record-keeping requirements for IOLTA accounts; and

(5) Attorney Fojo's conduct violates Supreme Court Rule 50 and Rules of Professional Conduct 1.3, 1.4, 1.5, 1.15, 3.3, and 8.4(a) and (c).

The ADO cites Supreme Court Rule 37(9-A) and (16)(f) as grounds for suspending Attorney Fojo immediately and on an interim basis. Rule 37(9-A) authorizes the court to suspend an attorney, after notice and an opportunity for a hearing, when the court finds that the attorney has engaged in conduct that poses a substantial threat of serious harm to the public. Rule 37(16)(f) authorizes the court to suspend an attorney when it deems a suspension necessary for the protection of the public and the preservation of the integrity of the legal profession. When the court makes such a finding, the attorney may be

suspended on a temporary order, with or without hearing. See Rule 37(16)(d).

Based on the information submitted by the ADO in its petition, the court finds that Attorney Fojo's immediate suspension from the practice of law is necessary to protect the public and to preserve the integrity of the legal profession. See Rule 37(16)(d) and (f). Accordingly, it is hereby ordered:

(1) In accordance with Rule 37(16)(d) and (f), Attorney Robert M. Fojo is immediately suspended from the practice of law in New Hampshire pending further order of this court.

(2) A copy of the petition for immediate suspension and of this order shall be served on Attorney Fojo by first-class mail at the latest address that Attorney Fojo provided to the New Hampshire Bar Association.

(3) On or before January 5, 2022, Attorney Fojo may request a hearing on the issue of whether the interim suspension should be lifted. The hearing will be promptly scheduled. See Reiner's Case, 152 N.H. 163 (2005).

(4) On or before January 20, 2022, Attorney Fojo shall file an answer to the petition for immediate interim suspension.

(5) Attorney Fojo is enjoined from further use of his IOLTA account. He is further enjoined from transferring, assigning, hypothecating, or in any manner disposing of or conveying any assets of clients, whether real, personal, beneficial or mixed.

(6) On or before December 29, 2021, Attorney Fojo shall inform his clients in writing of his suspension from the practice of law and of his inability to act as an attorney, and shall advise them to seek other counsel. See Rule 37(13). Attorney Fojo shall file an affidavit on or before January 20, 2022, stating that he has complied with this requirement. A copy of the affidavit shall be sent to the ADO.

Pursuant to Rule 37(17), the court appoints Attorney Andrea Q. Labonte, ADO Assistant General Counsel, to take immediate possession of the client files and trust and other fiduciary accounts of Attorney Fojo, and to take the following actions:

(1) Attorney Labonte shall notify all banks and other entities where Attorney Fojo has trust or fiduciary accounts and operating accounts of Attorney Fojo's suspension from the practice of law and of Attorney Labonte's appointment by the court.

2

(2) Attorney Labonte shall, to the extent that she deems necessary, notify Attorney Fojo's clients of his suspension, inform them of any scheduled hearings, advise them to obtain the services of other lawyers of their choice, and advise them how they or their new attorneys may obtain their files. Attorney Labonte shall not undertake the representation of any of Attorney Fojo's clients, however.

(3) Attorney Labonte shall, to the extent that she deems necessary, notify the courts in which any hearings are scheduled in the near future of Attorney Fojo's suspension.

(4) Attorney Labonte shall prepare an inventory of Attorney Fojo's client files and shall file a copy of the inventory with the Supreme Court on or before February 4, 2022, together with a report of her actions taken under this order and recommendations as to what further actions should be taken.

(5) If Attorney Fojo was in possession of any client funds or property, Attorney Labonte may file an appropriate motion requesting authority to distribute them.

Attorney Fojo is ordered to cooperate with Attorney Labonte in performing the tasks as directed by the court. The expenses of Attorney Labonte shall be paid in the first instance from the funds of the Professional Conduct Committee, which may seek reimbursement from Attorney Fojo.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

DATE: December 21, 2021

ATTEST:

Timothy A. Gudas, Clerk

Distribution:
Mark P. Cornell, Esquire
Elizabeth M. Murphy, Esquire
Andrea Q. Labonte, Esquire
Robert M. Fojo, Esquire
William C. Saturley, Esquire
File